Anna M. Durbin, Philadelphia, PA, for James Leader.

Jerome M. Marcus, Philadelphia, PA, for the U.S.

**UNITED STATES of America**

v.

**James LEADER.**

**Crim. No. 91–152.**

United States District Court, E.D. Pennsylvania.

Dec. 22, 1992.

## OPINION

LOUIS H. POLLAK, District Judge.

James Leader has moved, pursuant to 18 U.S.C. § 924(d)(1) and Fed.R.Crim.P. 41(e), that two rifles seized from his house and forming the basis of the unsuccessful criminal prosecution of him be returned to the alleged owner, Howard Dellmyer.[1] For the following reasons, Leader's motion will be denied.

Leader was indicted in April 1991 for possession of a firearm by a convicted felon under 18 U.S.C. § 922(g)(1) (Supp.

---

1. To date, the government has taken no action to effectuate forfeiture of the rifles seized in connection with Leader's arrest.

1992).[2] On September 15, 1992, Leader was acquitted of this charge by jury verdict. Federal law provides "[t]hat upon acquittal of the owner or possessor [of a firearm] ... the seized firearms ... shall be returned forthwith to the owner or possessor or to a person delegated by the owner or possessor unless the return of the firearms ... would place the owner or possessor or his delegate in violation of law." 18 U.S.C. § 924(d)(1) (Supp.1992). Fed. R.Crim.P. 41(e) authorizes a "person aggrieved by ... the deprivation of property" to seek return of that property. Both of these rules require the movant to have some interest in the property in question (on one hand, an ownership or possession interest; on the other hand, an interest such that he is "aggrieved" by the deprivation of the property).

Leader does not contend that he owns the rifles in question, instead asserting that Dellmyer is the owner. Further, Leader's acquittal of the gun possession charge apparently means that the jury was not persuaded that he "possess[ed]" the rifles within the meaning of § 922(g)(1),[3] and Leader represents that he will not "possess" the rifles if they are returned to Dellmyer (since they will not be kept within Leader's house). Because Leader establishes no relevant interest in the rifles, it seems that Dellmyer (the purported owner of the rifles) is the proper movant under both § 924(d)(1) and Fed.R.Crim.P. 41(e). If Dellmyer does so move, he will at that time have the opportunity to demonstrate (1) his ownership interest in the firearms; and (2) that return of the firearms will not

**2.** "It shall be unlawful for any person (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year ... [to] possess in or affecting commerce, any firearm or ammunition...."

**3.** Leader—noting that he did not deny at trial that the rifles were found in his house but claimed, instead, that he did not want them in his house—contends that the jury must have concluded only that he did not *knowingly* possess the firearms, as required by § 922. However, Leader provides no reason to believe that "unknowing possession" is sufficient to qualify him as a "possessor" under § 924(d)(1), even though it does not suffice for purposes of § 922.

"place the owner or possessor or his delegate in violation of law."

Leader argues that § 924(d)(1) would be rendered nugatory if persons acquitted of firearm possession charges were not allowed to move for return of the firearms. However, even limiting our discussion to § 922(g)(1) offenses, this argument ignores the scenarios in which defendant is acquitted because the government does not demonstrate (1) the prior felony, (2) that the item possessed is "ammunition" or a "firearm," or (3) that the item was possessed "in or affecting commerce." Further, in cases like this one, § 922(g)(1) allows one who claims to be the actual owner (Dellmyer) or possessor to himself move for return of the firearms.